UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RHEUMATOLOGY CARE, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-7970** |
| **ALLSTATE INSURANCE COMPANY** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Rheumatology Care, L.L.C.'s motion to remand is **GRANTED**, and the case is **REMANDED** to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana. (Document # 7.)

### I. BACKGROUND

Rheumatology Care, L.L.C. (Rheumatology), a solo medical practice offering rheumatology and internal medicine services, opened in January 2005 in Slidell, Louisiana. As a result of Hurricane Katrina, the office and its contents sustained extensive water damage from runoff rainwater from NorthShore Hospital. Following the storm, the office was vandalized, and some contents were stolen. Due to the extent of the damage, Rheumatology moved to a different location.[1]

---

[1] Rheumatology did not own the building , but leased from Rockhurst Ventures, L.L.C.

Rheumatology notified Allstate Insurance Company (Allstate), its insurer under a business insurance policy, and tendered its claim for property damage and business income loss. The Allstate business insurance policy provides for a limit of $30,000 for damage, up to two weeks of loss of income if civil authorities prohibit the insured from occupying the premises, and up to 12 consecutive months of loss of income after reopening for an additional 60 consecutive days to return the business to the income position which would have existed without the loss. On October 21, 2005, Allstate denied the claims based on a flood water exclusion.

Rheumatology filed a petition for damages against Allstate in the 22nd Judicial District Court for the Parish of St. Tammany, alleging a claim of breach of contract and seeking statutory penalties and attorney's fees. Allstate removed the case to federal court based on diversity of citizenship, and Rheumatology filed a motion to remand to state court.

## II. DISCUSSION

Rheumatology contends that the court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000. Rheumatology argues that Allstate has failed to show by a preponderance of the evidence that the claim exceeds the jurisdictional amount.

"Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000) (citing 28 U.S.C. § 1441(a)). "District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is diversity between all parties." Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999)

2

(citing 28 U.S.C. § 1332). The removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Id. "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) by setting forth the facts in controversy . . . that support a finding of the requisite amount." Id. (internal quotation and citation omitted). If the "facially apparent" test is not met, the court may consider summary-judgment-type evidence to determine the amount in controversy. See Allen v. R&H Oil and Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995).

The court finds that it is not facially apparent that the claim exceeds $75,000. Rheumatology filed its complaint in Louisiana state court, and Louisiana law does not permit the plaintiff to plead a specific amount of damages. The petition lacks any clear indication of the losses sustained by the plaintiff and the extent of the relief that is being sought.

Further, Allstate does not present evidence to support its contention that the claim exceeds $75,000. Although Rheumatology has filed a claim with Allstate for its losses, Allstate does not present evidence that Rheumatology made a claim for the face amount of the policy or evidence of the amount that is claimed for loss of income before Rheumatology resumed its business.[2] Allstate's conclusory argument that "a fair reading of Rheumatology Care's Petition is that it is seeking the entire policy limits of $30,000 . . . plus two weeks lost net income, plus an amount equal to twelve months of lost revenue, plus statutory penalties" does not establish that

---

[2] Rheumatology states in its reply memorandum that Dr. Maria Cuellar opened the solo medical practice in January 2005 and was still developing her practice when Hurricane Katrina struck. Further, the petition states that Rheumatology reopened in a different location after the storm, but there are no details as to when the move occurred or the losses that were sustained.

the claim exceeds the jurisdictional threshold.

Accordingly, Allstate has not carried its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.

New Orleans, Louisiana, this  17th  day of January, 2007.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**